LUBIN & ENOCH, P.C.
Nicholas J. Enoch, State Bar No. 016473
Kaitlyn Redfield-Ortiz, State Bar. No. 030318
Stanley Lubin, State Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler R. Stanton, a single man, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Rainbow Cotton Candy LLC, | |
| Defendant. | |

Plaintiff, Tyler Stanton ("Plaintiff" or "Stanton"), by and through his attorneys, Lubin & Enoch, P.C., brings this action against Defendant, Rainbow Cotton Candy LLC ("Company" or "Defendant"), pursuant to the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*.

## THE PARTIES

1. Stanton has been living with Human Immunodeficiency Virus ("HIV") since 2011.

1

2. Stanton is an individual with a disability, as defined in 42 U.S.C. § 12102.

3. At all times relevant to this complaint, Stanton has resided in Maricopa County, Arizona.

4. Rainbow Cotton Candy, LLC is the Defendant ("Company" or "Defendant").

5. Gregory Wolf ("Wolf") is the owner of the Company.

6. Sherrie Johnson ("Johnson") was, at all times relevant hereto, the general manager of the Company.

7. Stanton was an "employee" of the Company within the meaning of the ADA, 42 U.S.C. § 12111(4).

8. At all times relevant hereto, Defendant was considered an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

9. Upon information and belief, the Company is a local cotton candy company operating in Gilbert, Arizona that has been in production since 1990. They consider themselves experts in the art of candy-floss using natural sugar to bring "guaranteed delight." The Company employs roughly fifty (50) employees.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Count I pursuant to 28 U.S.C. §§ 1331 and 1337 and 42 U.S.C. § 12117(a).

11. On September 20, 2019, the U.S. Equal Employment Opportunity Commission ("EEOC") issued Stanton a Notice of Right to Sue (*see* Exhibit A). Stanton

has filed suit within the time limits set forth in the Notice.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1390(a) as the causes of action against the Company as alleged in this Complaint arose within Maricopa County and as the Company, upon information and belief, has representatives, owns property, and conducts business within the County. Wolf and Johnson are both residents of Maricopa County.

## **GENERAL ALLEGATIONS**

13. On or around June 14, 2018 Stanton was hired by the Company as a Regular Line Worker.

14. Plaintiff was referred to the Company by his friend of five (5) years, Nestor Padilla ("Nestor"). Nestor was a supervisor at the Company and was responsible for hiring Stanton.

15. Nestor had been instructed by Wolf to hire his own crew in order to meet production expectations.

16. Stanton was hired at $10.50 per hour.

17. Prior to beginning his employment, Stanton was introduced to both Wolf and Johnson by Nestor.

18. Stanton's job responsibilities included labeling canisters, placing stickers on canisters, and boxing them up for shipment.

19. All Regular Line Workers at the Company, including Stanton, were required to wear hairnets, aprons, and gloves in order to meet proper sanitation and safety requirements.

20. Stanton, Nestor, and another employee, Joseph Abeyta ("Abeyta"), shared a carpool to the job site every day.

21. On June 19, 2018, Stanton was involved in a verbal altercation with co-worker, Dorothy Padilla ("Dorothy"). Dorothy is Nestor's sister.

22. Nestor stepped in to diffuse the argument and then sent Dorothy and Stanton on their lunch break. After his lunch break, Stanton worked the remainder of his shift and carpooled home with Nestor and Abeyta.

23. When Stanton arrived for his shift the next day, June 20, 2018, he witnessed Johnson ask Nestor into her office and overheard her say she needed to "discuss an urgent matter" with Nestor.

24. Nestor and Johnson were in Johnson's office for about 30 minutes. After their meeting, Nestor informed Plaintiff that he was being terminated, effective immediately.

25. During the drive home Nestor advised Plaintiff that Johnson accused him (Nestor) of withholding "crucial information" upon hiring Stanton, specifically Stanton's HIV status.

26. Nestor told Plaintiff that Johnson ordered him (Nestor) to fire Stanton. Nestor told Stanton that he responded to Johnson that they were not allowed to terminate Plaintiff simply due to his medical condition, but Johnson disagreed.

27. Nestor told Stanton that his sister, Dorothy, alerted Johnson to the fact that one of the workers had a frightening medical condition and stressed concern over the fact that the Company lacked a first-aid kit or medical station that was accessible for all employees.

28. Nestor told Stanton that Dorothy alluded to Johnson that there could be contamination of the cotton candy and equipment because of a Stanton's HIV status.

29. Stanton was paid $522.38 for 40 hours worked from June 14, 2018 to June 20, 2018.

30. Stanton is still owed for three hours of overtime pay nor did he accrue any paid sick leave pursuant to the Fair Wages and Healthy Families Act A.R.S. §§ 23-372 – 23-375 (c).

31. Stanton has been unemployed since June 20, 2018.

32. Stanton timely filed a charge with the EEOC and Arizona Attorney General's Office for unlawful disability discrimination.

33. On May 9, 2019, the EEOC gave a determination that reasonable cause existed that Defendant violated the ADA with respect to Stanton. *See* Exhibit B.

34. This determination is enough to create issues of material fact that preclude any resolution in favor of the Defendant on summary judgment. *See Gifford v. Atchison, Topeka, and Santa Fe R.R. Co.*, 685 F.2d 1149, 1156 (9th Cir. 1982).

## COUNT I

### Violation of the Americans with Disabilities Act of 1990

35. Stanton realleges and incorporates by reference the foregoing allegations in the preceding paragraphs as if fully set forth herein.

36. Under federal law, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

37. Defendant is a "covered entity" as an "employer" under 42 U.S.C. §§ 12111(2) and 12111(5).

38. Stanton was, through all relevant times, an "employee" under 42 U.S.C. § 12111(4) and a "qualified individual" under 42 U.S.C. § 12111(8) as he was able to perform the essential functions of his job.

39. Stanton, being an HIV-positive man, has a physical impairment that substantially limits major life activities.

40. Defendant discharged Stanton because of his HIV status, a disability protected by the ADA.

41. By discharging Stanton on account of his HIV status, Defendant has violated the ADA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that he can recover from Defendant the following:

A. Award Plaintiff compensatory and punitive damages in an amount appropriate to the proof at trial. This would include the value of lost income;

B. Court costs and costs of litigation, including expert fees;

C. Attorneys' fees;

D. A declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Defendant has violated Stanton's rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein; and

E. Such other legal and equitable relief as the Court deems just.

RESPECTFULLY SUBMITTED this 3rd day of December 2019.

                          LUBIN & ENOCH, P.C.

                          By: /s/ Nicholas J. Enoch
                              Nicholas J. Enoch
                              Attorney for Plaintiff

///

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

RESPECTFULLY SUBMITTED this 3rd day of December 2019.

LUBIN & ENOCH, P.C.

By: /s/ Nicholas J. Enoch
    Nicholas J. Enoch
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December 2019, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

/s/ Cristina Gallardo-Sanidad