JACKSONWHITE
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:      (480) 464-1111
Facsimile No.:      (480) 464-5692
Email:        centraldocket@jacksonwhitelaw.com
*Attorneys for Defendant*
By:    Nathaniel J. Hill, SBN 028151
        Email:        nhill@jacksonwhitelaw.com
        Grant S. Cragun, SBN 034332
        Email:        gcragun@jacksonwhitelaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler R. Stanton, a single man,<br><br>        Plaintiff,<br><br>    vs.<br><br>Rainbow Cotton Candy, LLC, an Arizona limited liability corporation,<br><br>        Defendant. | Case No.:  CV-19-05719-PHX-SPL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

This case needs to be dismissed. Plaintiff's filings of October 7, 2020 (Doc. 48) and October 15, 2020 (Doc. 49) do not provide any legitimate reason for this lawsuit to continue. At its core, Plaintiff is once again asking the Court for more time to have the Court resolve a fee dispute with his now former counsel. That is not the role of the Court and Defendant should not be obligated to continue in this lawsuit while Plaintiff disputes his fees with his former counsel. Defendant continues to incur significant fees associated with Plaintiff's refusal to accept the outcome of the June 8, 2020 settlement conference. This case needs to be dismissed once and for all.

Pursuant to Rule 16, Federal Rules of Civil Procedure, and 28 U.S.C. § 473, this Court ordered the parties to participate in a settlement conference. Doc. 21. Defendant, in full reliance on Plaintiff's duty to participate in good faith in that settlement conference,

reached a full and final resolution that would terminate this lawsuit once and for all. Plaintiff himself filed a notice of settlement confirming his understanding that the matter was resolved. Doc. 28. Judge Boyle confirmed that a settlement had been reached. Doc. 29. This matter needs to be terminated.

Plaintiff's recent filings (Docs. 48 and 49) contend that he was mislead by his former counsel about the settlement conference and he reiterates his request for more time to put together something for the Court to resolve on that issue. However, that does not excuse his failure to follow this Court's order to be present with authority to terminate the lawsuit. Regardless, Plaintiff's contentions point Plaintiff back to a dispute with his former counsel. This is not a matter for this Court and not a matter for Defendants to be kept in this litigation.

Furthermore, Plaintiff's recent filings make aspersions that he was misled by Defendant's counsel by Defendant seeking dismissal. On the contrary, as noted in the emails attached as Exhibit "D" to Defendant's Motion to Dismiss, Plaintiff was repeatedly warned that if the case did not resolve by October 2, 2020, Defendant would seek dismissal of this case. Doc. 47-1, pp.38-39. Despite these repeated warnings, Plaintiff persisted at his peril in seeking new terms not established at the June 8, 2020 settlement conference. However Plaintiff tries to frame his position, it is at bottom an insistence that Defendant bear his attorneys' fees and costs. That is not what was agreed to at the June 8, 2020 settlement conference. This is once again an issue between Plaintiff and his former counsel and not for the Court or Defendant to resolve.

Moreover, Plaintiff's recent filings are in substance nothing more than requests for further extensions of time so that Plaintiff can make arguments to the Court that he was deceived by his former counsel. But this is not the venue for that dispute. This Court stated that there would be no more extensions. Doc. 43. In repeated consultations, the parties could not agree on the status of the case by October 2, 2020. Despite having made every reasonable attempt to confirm and ratify the outcome of the June 8, 2020 settlement conference, Defendant moved for dismissal on the grounds that Plaintiff violated this Court's orders regarding the settlement conference. As addressed in the Motion to

Dismiss, Doc. 47, whether this was intentional or unintentional, this is conduct sanctionable with dismissal. *See Pitman v. Brinker International, Inc.*, 216 F.R.D. 481, 484 (D.Ariz. 2003). This Court and Defendants were entitled to make case management decisions based on the representation that Plaintiff was participating in the settlement conference and that all communications from that conference included the authority to fully and finally resolve this case. Doc. 24, p.4. Because the current status of the case is that it is resolved and all parties are to bear their own attorneys' fees and costs, the lawsuit should be dismissed.

Moreover, during these consultations[1] with Plaintiff, Plaintiff now asserted that there were new, previously undisclosed documents that were being referenced now as potential embarrassment to Defendant and this should motivate Defendant acquiesce to his demands. Although Plaintiff's recent filings (Docs. 48 and 49) claim that these other, alluded to but not disclosed documents were mentioned elsewhere in the litigation, that does not excuse a failure to produce the actual document. Especially when the untimely disclosure is only being presented to insinuate Defendant will suffer reputational harm or embarrassment if Plaintiff's demands are not met. For that reason, Plaintiff has engaged in sanctionable conduct that further justifies dismissal of the lawsuit. *See Myers v. Shekter (In re Hill)*, 775 F.2d 1385, 1387 (9th Cir. 1985) (the degree of a plaintiff's personal responsibility for malfeasance is relevant to the propriety of dismissal).

In conclusion, this Court ordered that the June 8, 2020 settlement conference be attended by persons with full authority to terminate this case. Plaintiff contends that he abandoned the settlement conference and, therefore, the terms reached by his attorney

---

[1] Plaintiff invokes L.R.Civ. 7.2(j) to insinuate that the untimely discovery issue was never raised to him. On the contrary, as noted in the September 30, 2020 email to Mr. Stanton, "the entirety of our discussions have been for Mr. Stanton to argue in favor of him receiving more favorable terms than what was discussed at the settlement conference. This has been done by referring to other new, previously undisclosed documents that have been in Mr. Stanton's possession throughout this process." Doc. 47-1, p.38. Plaintiff was repeatedly warned that Defendant would move for dismissal if the matter could not be resolved by October 2, 2020. *Id*.

were without his authority. If that is true, Plaintiff's abandonment of the settlement conference is sanctionable with dismissal. If that is not true (that Plaintiff's attorney in fact had the authority to reach terms and terminate the case), then the settlement conference resolved this case. Either way, Defendant should not be required to continue to litigate a matter in which it relied on Plaintiff's representations that the case was resolved at the June 8, 2020 settlement conference and this case should be dismissed. Plaintiff is free to resolve whatever fee dispute exists between him and his counsel without Defendant's involvement. Defendant should not be required to continue to incur attorneys' fees while Plaintiff engages in a fee dispute.

Furthermore, Plaintiff's attempt to cite previously undisclosed documents, that are said to be embarrassing, as a basis to compel acceptance of new terms violates Rule 37, Federal Rules of Civil Procedure. For all of these reasons, Defendant Rainbow Cotton Candy, LLC requests that the Court dismiss this lawsuit.

**RESPECTFULLY SUBMITTED** this 19th day of October, 2020.

**JACKSON WHITE**

s/ Nathaniel J. Hill

By:    Nathaniel J. Hill, SBN 028151
        Grant S. Cragun, SBN 034332
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Defendant*

///
///

///
///

-4-

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and mailed a copy of same to any non-registrants this 19th day of October, 2020:

Tyler R. Stanton
1654 West Hazelwood Street, Apt. 1
Phoenix, Arizona 85015
Tylerross80@yahoo.com
Tylerstanton1@live.com

By:    /s Nirali Markham

F:\PQR\Rainbow Cotton Candy, LLC\Tyler Stanton\Lawsuit\Pleadings\Defendant's Reply in Support of Motion to Dismiss.docx